IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LEAVY MOSS and ANGELA MOSS                                              PLAINTIFFS

VS.                                    CASE NO. 07-1017

ALBEMARLE CORPORATION                                                   DEFENDANTS

### ORDER

Before the Court is a Motion to Dismiss filed on behalf of the Defendant Albemarle Corporation.  (Doc. No. 1-4).  In its motion, the Defendant asks that the Plaintiffs' Complaint against it be dismissed for insufficiency of service of process.  It also asks that the dismissal be with prejudice in light of the fact that the three year statute of limitations on Plaintiffs' cause of action has run.  The Plaintiffs have not filed a response to the motion.

Plaintiffs filed suit against Albemarle Corporation on October 16, 2006.  Plaintiffs had 120 days in which to serve a copy of the complaint and summons on the Defendant Albemarle.  Ark. R. Civ. P. 4(i);  Fed. R. Civ. P. 4(m).  A copy of the Complaint was served on Defendant's agent for service of process, The Corporation Company, on February 12, 2007.  No summons was served upon the Corporation Company nor any other Albemarle employee or authorized agent on that date.  The last date upon which Plaintiffs could have completed service was February 13, 2007.  That date has passed and the summons has not been served on the Defendant.  Service has not been perfected within the 120 day time limit.  Therefore, Plaintiffs' Complaint should be dismissed for insufficiency of service of process.

Defendant also asks that dismissal of the Complaint be with prejudice because Plaintiffs'

claim against Albemarle is otherwise barred by the applicable statute of limitations.  The Court agrees.  Plaintiffs' claims sounds in tort.  Under Arkansas law, a plaintiff must bring a tort action within three years after the cause of action accrues.  Ark. Code Ann. §16-56-105.  In this case, Plaintiffs cause of action accrued on or before October 13, 2003, the date upon which all employees, including the Plaintiff, were notified of the fact that unchlorinated well water was piped to a water fountain on Albemarle premises.  Therefore, the applicable statute of limitations required Plaintiff to commence his cause of action against Albemarle no later than October 14, 2006.  Plaintiff did not file this action until October 16, 2006 and did not perfect service on Albemarle within the 120 day time limit.  Therefore, the statute of limitations was not tolled by the filing of this action because the action was not commenced for statute of limitations purposes.  This action is barred by the three year statute of limitations, thus, its dismissal should be with prejudice. *See Bodiford v. Bess,* 330 Ark. 713, 966 S.W.2d 861, 862 (1997).

Accordingly, based upon the above reasoning, the Court finds that the Defendant's Motion to Dismiss should be and hereby is **granted**.  Plaintiffs' Complaint against Defendant Albemarle Corporation is hereby **dismissed with prejudice.**

IT IS SO ORDERED, this 21st day of March, 2007.

   /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge